UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POLYMER INDUSTRIAL PRODUCTS COMPANY, and POLYMER ENTERPRISES CORPORATION, | )<br>)<br>) |
| Plaintiffs, | ) CASE NO. 01 1150 |
| v. | ) |
| BRIDGESTONE/FIRESTONE, INC., | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs Polymer Industrial Products Company ("PIPCO") and Polymer Enterprises Corporation ("PEC")(collectively "PIPCO") allege:

### PARTIES

1. Plaintiff PIPCO is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 688 Industrial Park Road, Piney Flats, Tennessee. PIPCO is a wholly-owned subsidiary of Polymer Enterprises, Inc.

2. Plaintiff PEC is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Wilmington, Delaware. During all relevant times, PEC was and is the current owner and assignee of U.S. Patent No. 4,381,331 entitled "Non-Sticking Ply End Turn-Over Bladder and Method of Manufacture Thereof" (the " '331 patent"). A true and correct copy of U.S. Patent No. 4,381,331 is attached hereto as Exhibit A. PEC is also a wholly-owned subsidiary of Polymer Enterprises, Inc.

3. Defendant Bridgestone/Firestone, Inc. ("BFI") is a corporation having its principal place of business at 50 Century Boulevard, Nashville, Tennessee. BFI was formerly known as the Firestone Tire and Rubber Company ("Firestone").

## JURISDICTION

4. This action arises under the patent laws of the United States, Title 35, United States Code. This Court has exclusive and original jurisdiction over the subject matter of this action pursuant to the provisions of 28 U.S.C. § 1338(a).

## VENUE

5. Venue in this Court is proper under 28 U.S.C. §1391(b) and (c) and 28 U.S.C. §1400(b) because BFI resides within this judicial district. BFI resides in this judicial district as defined by §§1391 (c) and 1400(b) because it regularly transacts business in this judicial district.

## THE '331 PATENT

6. On April 26, 1983, the '331 patent was duly and legally issued on an application filed by James L. Johnson. PEC, as the owner and assignee of all rights granted by the '331 patent, has exclusively licensed the '331 patent to PIPCO in consideration for, among other things, a license fee based on sales which is paid by PIPCO to PEC.

## THE PRIOR LITIGATION

7. On or about January 5, 1995, PIPCO filed an action for patent infringement against BFI, Case No. 95 CV 43, in the United States District Court for the Northern District of Ohio (the "Prior Litigation"). PIPCO and PEC were plaintiffs in the Prior Litigation and BFI was the defendant in the Prior Litigation.

8. In the Prior Litigation, PIPCO and PEC alleged that BFI infringed the '331 patent

by making, using and selling a ply end turn-over bladder which possessed a fabric layer of spaced cords which had been calendered (or "skimmed") on one side only with a coating of unvulcanized uncured rubbery polymer, which cords were partially embedded in the rubbery polymer surface, the spaces between the cords being free of polymer so that the cords projected above the bladder surface.

9. The turn-over bladder with the fabric layer calendered on the bottom side was called by BFI a "skim-1" accused turn-over bladder.

10. Over a year and a half after the filing of the complaint in the Prior Litigation, BFI began to make, use and sell a ply end turn-over bladder called by BFI a "skim-2" turn-over bladder. The "skim-2" turn-over bladder possessed the same structure as the "skim-1" turn-over bladder, except that the fabric layer of spaced cords at the surface of the "skim-2" turn-over bladder had an additional very thin skim coat of rubber placed over the top of the fabric layer.

11. PIPCO and PEC first learned of the existence of a "skim-2" bladder in June 1997. PIPCO and PEC did not receive a "skim-2" bladder from Bridgestone until December 1997.

12. PIPCO and PEC did not amend their complaint in the Prior Litigation to accuse the skim-2 turn-over bladder of infringement and sue for damages.

13. In December 1997, defendant BFI filed a Third Amended Counterclaim in the Prior Litigation, in which it asserted a counterclaim against PIPCO and PEC for declaratory relief that BFI's skim-2 turn-over bladder did not infringe the '331 patent. A true and correct copy of BFI's Third Amended Counterclaim is attached hereto as Exhibit B and incorporated herein by reference. PIPCO and PEC denied the allegations that the skim-2 turn-over bladder did not infringe the '331 patent.

14. In April 1999, an eight member jury was empaneled to determine the factual issues

3

in the Prior Litigation. After a two week jury trial, the jury unanimously returned a verdict that the '331 patent was not invalid, and that claims 1, 3 and 4 of the '331 patent were infringed by defendant BFI's "skim-1" and "skim-2" turn-over bladders. A true and correct copy of the jury verdict form is attached hereto as Exhibit C and incorporated herein by reference.

15. In the Prior Litigation, PIPCO and PEC claimed damages only for lost profits caused by BFI's manufacture, sale and use of BFI's skim-1 turn over bladder.

16. BFI's sales of "skim-1" turn-over bladders were discontinued in 1996.

17. The jury in the Prior Litigation awarded damages of $2,512,730 to compensate PIPCO and PEC for lost profits caused by sales of "skim-1" turn-over bladders.

18. The jury in the Prior Litigation expressly found that BFI's skim-2 turn-over bladder infringed claims 1, 3 and 4 of the '331 patent, as reflected in Section 1 of the jury verdict form. However, because the issue of "skim-2" infringement was submitted to the jury based on BFI's counterclaim for declaratory judgment, no damages were sought by or awarded to PIPCO and PEC for BFI's infringement of the '331 patent by making, using and selling "skim-2" turn over bladders.

19. The jury in the Prior Litigation found by clear and convincing evidence that BFI's infringement was willful, as reflected in Section 8 of the jury verdict form.

20. The jury in the Prior Litigation recommended that the trial court double the damages due to BFI's willful infringement, as reflected in Section 9 of the jury verdict form, and the trial court accepted the jury's recommendation.

21. The trial court in the Prior Litigation found the case to be "exceptional," under 35 U.S.C. § 285, and awarded PIPCO attorney's fees, prejudgment interest, and costs of suit.

22. The trial court entered judgment in favor of PIPCO on BFI's equitable defenses of

4

unclean hands, laches, estoppel, waiver, and on BFI's counterclaims for alleged violations of the antitrust laws based on patent misuse.

23. The jury award in the Prior Litigation did not include damages caused by BFI's infringement of the '331 patent by its skim-2 turn-over bladder, and the issue of damages caused by BFI's "skim-2" infringement was not litigated or determined.

24. Judgment in the Prior Litigation was entered against defendant BFI on November 13, 1999. A true and correct copy of said judgment is attached hereto as Exhibit D.

25. BFI appealed the judgment in the Prior Litigation to the United States Court of Appeals for the Federal Circuit.

26. On March 13, 2001, the Federal Circuit issued a Memorandum Opinion affirming the judgment in the Prior Litigation.

27. The judgment in the Prior Litigation is final, and BFI is bound by and collaterally estopped to relitigate all facts and legal issues in the Prior Litigation, including the fact that the '331 patent is not invalid, that BFI's skim-2 turn-over bladder infringes the '331 patent, that BFI's infringement was willful, that PIPCO is entitled to enhanced damages and that BFI's infringement made the case exceptional.

## COUNT I

### (Violation of 35 U.S.C. § 271 -- Patent Infringement)

28. Plaintiffs repeat and incorporate by reference paragraphs 1 through 27, inclusive, as though fully set forth herein.

29. In violation of 35 U.S.C. §271(a), defendant BFI has infringed the '331 patent by

5

manufacturing, using, and selling a "skim-2" turn-over bladder, which is a non-sticking ply end turn-over bladder as disclosed and claimed in the '331 patent, with full knowledge of the '331 patent and PIPCO's rights thereunder.

30. In violation of 35 U.S.C. §271(b), defendant BFI has induced others to use non-sticking ply end turn-over bladders disclosed and claimed in the '331 patent with full knowledge of PIPCO's rights thereunder.

31. BFI, by its acts aforesaid, has impaired PIPCO's exclusive enjoyment of its rights and privileges under the '331 patent, has unjustly deprived PIPCO and PEC of profits and license fees which they could have realized from the invention, and has caused PIPCO and PEC damages which they would not have sustained but for BFI's infringement.

32. BFI's acts of infringement have been determined to be willful and in conscious disregard of PIPCO's and PEC's rights.

33. As a direct result of said infringement by BFI, PIPCO and PEC have suffered damages in an amount which PIPCO requests be determined in a jury trial.

WHEREFORE, PIPCO and PEC pray:

A. That this Court adjudge and decree that BFI is collaterally estopped from relitigating any and all issues regarding the validity and enforceability of the '331 patent against it;

B. That upon the verdict of a jury, this Court order an accounting for patent infringement damages sustained by plaintiffs PIPCO and PEC by reason of defendant BFI's manufacture, use and/or sale of its "skim-2" turn-over bladder, together with pre-judgment interest, such damages to be trebled pursuant to 35 U.S.C. § 284;

C. That this Court order defendant BFI to pay the costs, disbursements, and attorneys' fees incurred by plaintiffs PIPCO and PEC in this suit;

D. That this Court enter a money judgment against defendant BFI for damages caused by its manufacture, use and/or sale of its "skim-2" turn-over bladder, such damages to be enhanced pursuant to 35 U.S.C. § 284, and for attorneys' fees, disbursements, pre-judgment interest and costs as aforesaid; and

E. That plaintiffs PIPCO and PEC have such other and further relief as this Court may deem just and proper.

PLAINTIFFS DEMAND A JURY TRIAL.

Dated: June 15, 2001                    Respectfully submitted,

By: _____
Joseph Decker, Esquire
PA I.D. #61684
Kenneth S. Kornacki, Esquire
PA I.D. #83739
2301 One PPG Place
Pittsburgh, PA 15222
Phone: (412) 391-2727

Attorneys for Plaintiffs
Polymer Industrial Products Company, and
Polymer Enterprises Corporation